## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL ACADEMY OF   )
ORAL MEDICINE & TOXICOLOGY,   )
INC., an Oklahoma non-profit corporation;  )
MOMS AGAINST MERCURY, INC.,   )
a North Carolina non-profit corporation;   )
COMED, INC., a Delaware non-profit   )
Corporation; DAMS, INC., a New Mexico  )
non-profit corporation; AMY M. CARSON, )
guardian ad litem for KIT D. CARSON;   )
REV. LISA SYKES, guardian ad litem   )
for WESLEY SYKES; LINDA BROCATO; )
KRISTIN HOMME, PE, MPP, MPH;   )
MICHAEL G. BURKE;   )
HOLLIS HUGHES   )
ROGER WALLER; KENNARD W.   )
WELLONS; DAVID BARNES, DDS;   )
PAULA KAVANAGH; ROBERTA VOSS; )
JOY CHMIELENSKI, RN;  DORICE   )
A. MADRONERO; ERIC EDNEY;   )
KAREN PALMER; and KAREN BURNS,  )
   )
        *Plaintiffs*,   )
   )
v.   )     CASE NO.:   1:14-cv-00356
   )
THE U.S. FOOD  AND DRUG   )
ADMINISTRATION   )
10903 New Hampshire Avenue   )
Silver Spring, MD 20993;   )
   )
   )
DR. STEPHEN OSTROFF, M.D.,   )
Acting  Commissioner of the U.S.   )
Food and Drug Administration   )
10903 New Hampshire Avenue   )
Silver Spring, MD 20993   )
   )
THE U.S. DEPARTMENT OF HEALTH   )
AND HUMAN SERVICES,   )
200 Independence Avenue, S.W.   )
Washington, D.C. 20201   )
   )
SYLVIA MATHEWS BURWELL   )

```
Secretary of Health and Human Services      )
U.S. Department of Health and Human         )
Services                                    )
200 Independence Avenue, S.W.               )
Washington, D.C. 20201                      )
                                            )
            Defendants.                     )
```

## PLAINTIFFS' AMENDED MOTION TO SUPPLEMENT COMPLAINT

Pursuant to Fed. R. Civ. P. 15(d), Plaintiffs, the International Academy of Oral Medicine & Toxicology, Inc., an Oklahoma non-profit corporation; Moms Against Mercury, Inc., a North Carolina non-profit corporation; CoMeD, Inc., a Delaware non-profit corporation; DAMS, Inc., a New Mexico non-profit corporation; Amy M. Carson, guardian ad litem for Kit D. Carson; Rev. Lisa Sykes, guardian ad litem for Wesley Sykes; Linda Brocato; Kristin Homme, PE, MPP, MPH; Michael G. Burke; Hollis Hughes; Roger Waller; Kennard W. Wellons; David Barnes, DDS; Paula Kavanagh; Roberta Voss; Joy Chmielenski, RN; Dorice A. Madronero; Eric Edney; Karen Palmer; and Karen Burns, hereby move for leave to supplement the original Complaint in the above-titled action.  Leave to file a supplemental complaint should be freely given where, as here, the supplemental facts relate to the original pleading, undue prejudice to Defendants will not result, and it will serve the interest of justice.  As each of these elements are present, Plaintiffs respectfully request that this Court grant leave to file the attached Supplemental Complaint in order to promote a complete adjudication of the dispute between the parties.

## LCvR 7(m) CERTIFICATE

On May 11, 2015, in accordance with the parties' joint proposal, the Court ordered Plaintiffs, on or before June 2, 2015, to either move for leave to amend their Complaint or to dismiss this action as moot; and further ordered Defendants, on or before July 2, 2015, to respond to any motion for leave to amend the Complaint.  In light of the parties' agreement and

the deadlines set forth in this Order, the parties did not specifically meet and confer prior to the filing of plaintiffs' motion to supplement their Complaint.

In conformance with the Court's Order, on June 2, 2015, Plaintiffs moved to supplement their Complaint.  The parties understood that Defendants would then have thirty days in which to determine whether to oppose this motion.  The Court, however, dismissed Plaintiffs' motion without prejudice because Plaintiffs did not include a LCvR7(m) certificate with their motion.

In accordance with LCvR 7(m) and the Court's directive, counsel for the Plaintiffs conferred with counsel for the Defendants several times last week and this week concerning the Defendants' intention to oppose this motion.  Defendants requested that the timetable set forth in the parties' original proposal to the Court be adhered to.  Accordingly, Defendants' counsel did not announce whether Defendants will oppose this motion.  Plaintiffs have no objection to Defendants taking this additional time to decide this question, but the Plaintiffs have no new information to report to the Court concerning the Defendants' intention to oppose this motion.

## STATEMENT OF FACTS

This case arises out of three petitions, in 2009, and one supplemental petition, in 2013, filed with the FDA on behalf of various groups of Plaintiffs. (*See* attached Supplemental Complaint for complete discussion of the petitions)  The petitions were filed in response to the FDA's issuance of its Final Rule on August 4, 2009, in which it determined that encapsulated mercury fillings should be classified as a Class II device and essentially declaring that mercury fillings are safe.

These petitions for rulemaking and reconsideration requested that the FDA: (1) formally ban the use of dental amalgam as a dental restorative material pursuant to section 516 of the Medical Device Amendments of 1976 (21 U.S.C. § 360(f)) and 21 C.F.R. § 895, or in the

alternative; (2) place encapsulated dental amalgam into Class III pursuant to section 513(3) of the Medical Device Amendments; (3) demonstrate proof of safety and effectiveness; (4) promulgate restrictions for the use of dental amalgam in certain individuals; and (5) require that an Environmental Impact Statement ("EIS") or at least an Environmental Assessment ("EA") be prepared pursuant to 21 C.F.R. § 25.40.

For several years, FDA willfully refused to issue the legally required responses to the petitions. As a result, on March 5, 2014, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief against Defendants (the original Complaint). Plaintiffs filed the Complaint in order to compel Defendants to file responses to the petitions that were lawfully required under the Administrative Procedures Act. Ultimately, the FDA agreed to and did submit responses to these petitions on January 27, 2015.

However, the FDA's Responses were legally flawed and failed to adequately address many of the issues raised in the petitions. First, the FDA impermissibly shifted the burden of proof to require Plaintiffs to demonstrate that amalgams are unsafe for use. Second, FDA intentionally avoided addressing all of the claims raised in the Petitions. Finally, and most importantly, the conclusions reached by the FDA in its January 2015 Responses were arbitrary and capricious. Plaintiffs obtained a copy of FDA's response that was prepared for release in early 2012. Despite containing FDA's apparent conclusions in response to the issues raised in the petitions, the 2012 draft was not formally released. However, without consulting any additional scientific data during the intervening three years, the FDA's 2015 Responses were drastically different than those reached in 2012. Accordingly, it was arbitrary and capricious for the FDA to reach a different conclusion in 2015 based on the same science it reviewed for its initial decision in 2012.

As a result, Plaintiffs move to supplement their Complaint to seek an order from this Court requiring Defendants to fairly and adequately respond to all issues raised in the petitions, and implement the conclusions FDA originally reached in 2012.

**ARGUMENT**

Rule 15(d) authorizes this Court, "upon reasonable notice and upon such terms as are just," to permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed.R.Civ.P. 15(d); *see The Fund For Animals v. Hall*, 246 F.R.D. 53, 54 (D.D.C. 2007). Purpose of supplemental pleading is to set forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought; its function is to bring the action "up to date." *Weisbord v. Michigan State University*, 495 F.Supp. 1347 (W.D.Mich.1980). The standard under the rule governing motions for leave to file a supplemental pleading is essentially the same as that under the rule governing motions for leave to amend, and leave to supplement should be granted unless it causes undue delay or undue prejudice. *Micron Technology, Inc. v. Rambus Inc.*, 409 F.Supp.2d 552 (D.Del.2006); *see also Banner Health v. Burwell*, 55 F. Supp. 3d 1, 8 (D.D.C. 2014) ("Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend.").

The purpose of Plaintiffs' Supplemental Complaint is to incorporate claims relating to the filing of Defendants' Responses, which is an action subsequent to the filing of the initial Complaint. As such, Plaintiffs' Supplemental Complaint is in direct harmony with the purpose of Rule 15(d). Moreover, Defendants cannot point to any legitimate reason why the filing of the Supplemental Complaint would result in undue delay or prejudice. Absent any undue delay or

prejudice suffered by Defendants, this Court should freely grant Plaintiffs' leave to file the attached Supplemental Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court grant leave to permit Plaintiffs to file their Supplemental Complaint, which is submitted with this Motion.

Respectfully submitted,


s/James S. Turner
James S. Turner, DC Bar #82479
Swankin & Turner
1400 16th Street, NW, Suite 101
Washington, DC 20036
202-462-8800

Of Counsel

s/James M. Love
James M. Love
Titus Hills Reynolds Love
Dickman & McCalmon, P.C.
3700 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103-4334
918-587-6800
E-mail:  jlove@titushillis.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June 2015, a true and correct copy of the foregoing *Plaintiffs' Amended Motion to Supplemental Complaint* was served electronically on:

LAUREN HASH BELL
U.S. DEPARTMENT OF JUSTICE
Consumer Protection Branch, Civil Division
Liberty Square Building
450 Fifth Street, NW
Room 6400, South
Washington, DC 20044
(202) 353-1991
Email: lauren.hash.bell@usdoj.gov

ANDREW E. CLARK
US DEPARTMENT OF JUSTICE
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 307-0067
Fax: (202) 514-8742
Email: andrew.clark@usdoj.gov

LESLIE COHEN
Associate Chief Counsel
United States Department of
  Health and Human Services
Office of the General Counsel
Food and Drug Administration
10903 New Hampshire Ave.
WO Bldg. 32, Rm. 4301
Silver Spring, MD 20993
(301) 796-0551
Email: Leslie.Cohen@fda.hhs.gov

s/James M. Love_____
James M. Love